804 F.2d 108
 WESTBOROUGH MALL, INC., a corporation, George Staples, Jr.,
and Westborough Mall Associates, a Missouri
Limited Partnership, by and through
George Staples, Jr., its sole
general partner, Appellants,
v.
CITY OF CAPE GIRARDEAU, MISSOURI, a municipal corporation,
Charles L. Drury, Drury Industries, Inc., a corporation, May
Department Stores Co., a corporation, West Park Associates,
a Missouri Limited Partnership, May Centers of Cape, Inc., a
corporation and May Centers, Inc., a corporation, Appellees.
WESTBOROUGH MALL, INC., a corporation, George Staples, Jr.,
individually, and as sole general partner of
Westborough Mall Associates, a Missouri
Limited Partnership, Appellees,
v.
CITY OF CAPE GIRARDEAU, MISSOURI, a municipal corporation,
Appellant.
Paul W. Stehr, Oliver A. Hope, Robert K. Herbst, Howard C.
Tooke, Samuel L. Gill, Gail L. Woodfin, W.G.
Lawley, Drury Industries, Inc., a
corporation and May Centers of
Cape, Inc., a corporation.
 Nos. 84-1304, 84-1356.
 United States Court of Appeals,
Eighth Circuit.
 Oct. 23, 1986.
 
 1
 Thomas C. Walsh and John Michael Clear, Michael G. Biggers, St. Louis, Mo., for May Dept. Stores Co. and Drury Industries.
 
 
 2
 Stephen E. Strom and Craig M. Billmeyer, Finch, Bradshaw, Strom & Steele, Cape Girardeau, Mo., for City of Cape Girardeau.
 
 ORDER
 
 3
 Defendants-appellees' petition for a rehearing en banc is denied. Judges Ross, Gibson, Fagg, and Bowman would grant the rehearing.
 
 
 4
 Defendants-appellees' petition for a rehearing is also denied. In support of their petition for rehearing, the private defendants-appellees contend that the jury verdict in their favor on the Count II conspiracy claim should not be disturbed because the panel found error only in the jury instructions pertaining to the Count I due process claim brought against the City of Cape Girardeau (City). Appellants, on the other hand, contend that the remand is appropriate because a misdirection by the district court on the due process claim prevented the jury from properly considering the conspiracy claim. We agree.
 
 
 5
 Appellants alleged in Count I of their complaint that the City violated their procedural due process rights and alleged in Count II that the City and the private defendants-appellees conspired to deprive them of these rights. Critical to both claims was the reversion of appellants' C-4 zoning. The district court's automatic reverter instruction in effect told the jury that there was no reverter of the zoning and, therefore, no deprivation of appellants' constitutional rights. It, therefore, follows that the jury could reason that there was no conspiracy because there was no reverter. Thus, the automatic reverter instruction also effectively took the conspiracy claim away from the jury. For this reason, a remand of the conspiracy claim against the private defendants is required.